# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER POWERS, JR., et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5993** |
| **NEW ORLEANS CITY, et al.**<br>    **Defendants** | **SECTION "E"** |

## ORDER & REASONS

Before the Court are motions to remand filed by Plaintiffs and to dismiss filed by Defendant Civil Service Commission for the City of New Orleans, Parish of Orleans ("CSC") and its Chairman Kevin W. Wildes,[1] both of which are opposed by putative intervenor the United States[2] and Defendants City of New Orleans, the Mayor, and the Superintendent of the New Orleans Police Department (together, "the City").[3]  For the following reasons, the motions are **DENIED**.

## BACKGROUND

Plaintiffs commenced this action by filing a petition in Civil District Court for the Parish of Orleans, which was assigned to Judge Kern A. Reese.  In their petition, Plaintiffs assert several causes of action.  They allege that various ordinances enacted by the City to

---

[1]  R. Docs. Nos. 8, 17.  Putative intervenor Police Association of New Orleans ("PANO") did not file a memorandum supporting either motion, but the position it takes in another memorandum supports Plaintiffs' motion to remand. R. Doc. No. 35.

[2]  R. Doc. No. 22.

[3]  R. Docs. Nos. 23, 33.

effectuate the secondary employment (paid detail) provisions of the Consent Decree[4] violate the Contract Clause of the United States and Louisiana Constitutions.[5] They also allege that the ordinances violate Louisiana's constitutional prohibition on taking a "business enterprise or any of its asserts . . . for the purpose of operating that enterprise or halting competition with a government enterprise."[6] They allege last that the City "usurped Defendant CSC's [Louisiana] constitutional and statutory pay plan powers and responsibilities by enacting a pay plan law without prior approval Defendant CSC."[7]

On September 16, 2011, the state court set a hearing for October 11, 2013, on Plaintiffs' request for a preliminary injunction to enjoin the City from enforcing the ordinances. The City then filed a notice of removal with this Court on October 1, 2013, after which the case was transferred to this Section as related to the Consent Decree.[8] The notice of removal asserted 28 U.S.C. §§ 1441, 1443 as grounds for jurisdiction and stated that the City, the Mayor, and the Superintendent consented to removal. But the notice of removal

---

[4] The Consent Decree, entered into by the City and the United States, is a judgment of this Court and may be found at *United States v. City of New Orleans*, No. 12-1924 (E.D. La. filed July 24, 2012).

[5] R. Doc. No. 1-2, p. 7 (citing La. Const. art. I, § 23; U.S. Const. art. I, § 10).

[6] R. Doc. No. 1-2, p. 7 (citing La. Const. art. I, § 4(B)(6)).

[7] R. Doc. No. 1-2, p. 6.

[8] Plaintiffs filed another suit in this District asserting claims concerning CSC's jurisdiction similar to those made in this case as well two different causes of action (under the Fair Labor Standards Act and Federal Insurance Contributions Act), but asking for the same ultimate relief with respect to secondary employment. *Powers v. City of New Orleans*, No. 13-5819 (E.D. La. filed Sept. 12, 2013). That action was also transferred to this Court.

did not make clear whether co-defendant CSC consented to removal, so the Court directed CSC to provide its position by a filing in the record.[9] Promptly thereafter, CSC advised the Court that it consents to removal.[10]

Before CSC notified the Court of its consent, Plaintiffs filed a motion to remand, asserting that jurisdiction under 28 U.S.C. § 1443 is improper and that removal was improper under 28 U.S.C. § 1441 because not all Defendants consented. The Court then set a briefing schedule on the remand motion, which also ordered the parties to address whether 28 U.S.C. § 1442 provides a basis for exercising jurisdiction.

On the same day that oppositions by the City and the United States were due under the Courts' briefing order on Plaintiffs' motion to remand, CSC filed a motion to dismiss for lack of jurisdiction. It asserts that the Court lacks jurisdiction under 28 U.S.C. § 1441 because the petition is "utterly devoid of any allegations of a federal claim."[11] As both motions attack the Court's subject-matter jurisdiction, which the Court is obliged to consider before deciding Plaintiffs' request for a preliminary injunction, the Court consolidated the hearing on CSC's motion to dismiss and Plaintiffs' motion to remand and provided the parties an opportunity to file briefs specifically addressed to CSC's motion to dismiss. The City filed an opposition, and Plaintiffs filed a memorandum in support. Plaintiffs' motion to remand and CSC's motion to dismiss were then argued and submitted

---

[9] R. Doc. No. 12.

[10] R. Doc. No. 15.

[11] R. Doc. No. 17-2, p. 3.

to the Court during its motions docket on October 16, 2013.

## ANALYSIS

When a civil action is removed under 28 U.S.C. § 1441, all defendants "must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). "This does not mean that each defendant must sign the original petition for removal." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262, n.11 (5th Cir. 1988); *Tricuit v. Nat'l Liab. & Fire Ins. Co.*, 2012 WL 5877974, at *3 (E.D. La. Nov. 20, 2012) (applying same rule after passage of Federal Courts Jurisdiction and Venue Clarification Act of 2011). Instead, there must be only "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil*, 841 F.2d at 1262 n.11. This manifestation of consent must be made "prior to the expiration of the removal period," *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002), and once done, "bind[s] the . . . consenting defendant." *Getty Oil*, 841 F.2d at 1262 n.11; *see McMahan Jets, LLC v. X-Air Flight Support, LLC*, 2011 WL 39810, at *5 (S.D. Miss. Jan. 6, 2011); *Hankinson v. Northwestern Mut. Life Ins. Co.*, 2011 WL 3269431, at *2 (C.D. Ill. Aug. 1, 2013).

Whatever doubts may have existed about the propriety of this case's removal were resolved when CSC filed a consent to removal into the record. Defendants City, Mayor, and Superintendent signed the notice of removal. Before October 25, 2013 (the close of the time to remove), Defendants CSC and CSC Chairman Kevin Wildes filed a notice of consent to removal. No other defects in removal procedure have been advanced, and the Court can

find none. This case was properly removed.

In their motion to remand, Plaintiffs do not challenge the ability of the Court to exercise subject matter jurisdiction under 28 U.S.C. § 1441—they make only the procedural objection discussed, and disposed of, above.[12] CSC's motion to dismiss does challenge the Court's subject matter jurisdiction under 28 U.S.C. § 1441, however, and Plaintiffs joined in this attack when they filed a memorandum in support of CSC's motion to dismiss. The arguments of both have a through-the-looking-glass quality.

CSC states in its motion that

> the Petition is utterly devoid of any allegation of a federal claim. It references neither a provision of the U.S. Constitution nor a federal statute. It fails to pray for any relief under a provision of United States law. It is concerned *solely* with matters unique to the law of Louisiana.[13]

Yet the petition clearly states:

> [D]efendants' actions, inactions, and involvement in drafting and agreeing to that consent judgment violated both La. Const. arts. I, §4(B)(6) and La. Const. art. I, §23, **as well as U.S. Const. art. I, § 10**, those constitutional rights guaranteed to Sgt. Powers and to Capt. Morton, as well as all other

---

[12] Plaintiffs' remand motion does challenge the exercise of jurisdiction under 28 U.S.C. § 1443, and their additional jurisdictional briefing challenges the exercise of jurisdiction under 28 U.S.C. § 1442. As the Court concludes it has jurisdiction under 28 U.S.C. § 1441, it need not address these additional bases, even though there are strong arguments that they also provide jurisdiction. Because it need not, the Court also does not decide whether the presence in Plaintiffs' petition of substantial federal questions (concerning the Consent Decree and the constitutional infirmities that led to its entry) implicating important federal interests are themselves sufficient to support federal question jurisdiction, even without the federal Contract Clause claim. *See Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 816, 820 (1986).

[13] R. Doc. No. 17-2, p. 3.

> affected NOPD officers.[14]

and

> **U.S. Const. Art. I, § 10** states, "No State shall [. . .] pass any [. . .] Law impairing the obligation of contracts."[15]

and

> The ordinances passed by Defendant City on August 8, 2013, violate both La. Const. art. I, § 23 and **U.S. Const. Art. I, § 10** because those ordinances unequivocally impair the private contractual agreements and obligations made between the off-duty police officers and the third parties contracting with them for private security services, including the plaintiffs, thus making unconstitutional and unenforceable Ordinance Cal. Nos. 29,470; 29,471; 29,656; 29,657; **and the OPSE infringe upon and impair that which the federal and state constitutions prohibit**, all to the detriment of Sgt. Powers, Capt. Morton, and the other NOPD police officers, those officers having in place oral and written contracts with third parties to provide off-duty paid details.[16]

There simply can be no doubt that even the most cursory inspection of the petition reveals the presence of a federal question, *viz.*, whether the ordinances at issue violate the Contract Clause of the United States Constitution, sufficient to support jurisdiction.[17]

---

[14] R. Doc. No. 1-2, p. 7 (emphasis added).

[15] R. Doc. No. 1-2, p. 8 (emphasis added).

[16] R. Doc. No. 1-2, p. 8 (emphases added). Errors in original.

[17] Plaintiffs assert that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense" and "the presence of a disputed federal issue is never necessarily dispositive," so "28 U.S.C. § 1441, as argued by the USA and the named defendants simply is inapplicable to this action." R. Doc. No. 34, p. 3. But the petition does not merely anticipate a federal defense or simply involve a question of federal law. It asserts a federal cause of action—a federal constitutional violation. Plaintiffs themselves must recognize this, as their memorandum in support of the request for a preliminary injunction argues that the Federal Constitution's Contract

Plaintiffs and CSC appear to assert that the federal question must be essential in the sense that the federal issue must be decided to resolve the case.[18] But the full rule from the case Plaintiffs cite is: "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, *of the plaintiff's cause of action*"—not of the plaintiff's *case*. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) (emphasis added). There is no question that the Federal Constitution is an essential element of Plaintiffs' cause of action under the Federal Constitution's Contract Clause, and so there can be no doubt that there is a federal question on the face of Plaintiffs' well-pleaded petition.[19]

Plaintiffs also argue that "[n]o federal question exists with regard to the issues and allegations in the plaintiffs' . . . petition, regarding the CSC; and the plaintiffs know of no federal statutes', laws', or federal constitutional articles' governing state or municipal civil service systems within the posture of this action."[20] Even if no federal question exists in Plaintiffs' claims against CSC, the Court would have supplemental jurisdiction over these

---

        Clause provides a ground for relief. R. Doc. No. 28, *passim*.

[18]    R. Doc. No. 34, p. 2.

[19]    CSC's argument that this case fails to present a "substantial federal question" sufficient to support jurisdiction, R. Doc. No. 42, p. 3, is a misrepresentation of the law. Although the word "substantial" appears in the test, finding an absence of jurisdiction for "fail[ure] to present a substantial federal question . . . . is appropriate only when the plaintiff's claim is frivolous or clearly foreclosed by prior decisions of the Supreme Court." *Fadjo v. Coon*, 633 F.2d 1172, 1174 (5th Cir. 1981).

[20]    R. Doc. No. 34, p. 4. Errors in original.

(putatively purely) state law questions, as they "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997) ("By raising several claims that arise under federal law, ICS subjected itself to the possibility that the City would remove the case to the federal courts."). No party has argued otherwise, nor could it.

In a submission unrelated to Plaintiffs' motion to remand or CSC's motion to dismiss, PANO argues that the Court should nevertheless decline to exercise supplemental jurisdiction over any of Plaintiffs' state law claims because they "raise[] a novel or complex issue of State law."[21] 28 U.S.C. § 1367(c). Again, the Court will assume without deciding that Plaintiffs' notionally state law claims are not artfully pleaded federal claims.[22] Even so, the Court has jurisdiction over them and will not decline to exercise it. The claims do not raise novel or complex issues of state law.[23] Even if the state law claims predominate over their federal claim, they do not "substantially predominate." 28 U.S.C. § 1367(c)(2). The Court has not dismissed all claims over which it has original jurisdiction. *Id.* § 1367(c)(3). And this is not an "exceptional circumstance" where "there are other compelling reasons

---

[21] R. Doc. No. 35, p. 2.

[22] To reiterate, this is far from clear. The relief Plaintiffs request is, in effect, a partial vacatur of the Consent Decree by means of collateral attack. There are therefore good arguments that Plaintiffs' state law claims are in fact federal law claims.

[23] It is for this reason that the Court also declines CSC's suggestion, though not contained in a motion, to abstain under the *Pullman* doctrine. R. Doc. No. 42, p. 5.

8

for declining jurisdiction." *Id.* § 1367(c)(4). While PANO is correct that this Court may be "called upon to litigate virtually all matters arising under and related to the implementation of the consent decree" and that this "process [is] extremely time consuming," the Court does not consider this to "unnecessarily consume valuable resources of this Court."[24] The Court has a continuing obligation to ensure the effective and expeditious implementation of the Consent Decree and will devote the resources necessary to achieve this goal.

## CONCLUSION

There can be no serious dispute that the Court possesses federal question jurisdiction over this matter. Accordingly, the motion to remand and the motion to dismiss for lack of jurisdiction are **DENIED**.

**New Orleans, Louisiana, this 16th day of October, 2013.**

                                          *Susie Morgan*
                                          **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. No. 35, p. 4.