UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER POWERS, JR., et al.**<br>   **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5993** |
| **NEW ORLEANS CITY, et al.**<br>   **Defendants** | **SECTION "E"** |

**ORDER**

Before the Court are motions to stay and to expedite filed by Intervenor Police Association of New Orleans ("PANO"),[1] which Plaintiffs do not oppose[2] and Intervenor the United States and Defendants City of New Orleans, the Mayor, and the Superintendent of the New Orleans Police Department (together, "the City") oppose.[3] The Court notes in the first instance that it granted PANO permission to intervene on the assumption that its participation would not "unduly delay . . . the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). PANO's motion to stay is inconsistent with that assumption, and if it had merit, might provide a basis for revoking permission to intervene. But the motion does not have merit.

To the extent PANO's motion argues for a stay based on the principles announced in *Younger v. Harris*, 401 U.S. 37 (1971),[4] the motion misapprehends the doctrine.

---

[1]  R. Docs. Nos. 49, 51.

[2]  R. Doc. No. 56.

[3]  R. Docs. Nos. 54, 60.

[4]  R. Doc. No. 49, p. 5 (citing *Ohio v. Dayton Christian Sch.*, 477 U.S. 619 (1986), a *Younger* case).

*Younger* abstention exists to prevent a plaintiff from using the federal courts as a shield against certain kinds of state judicial or administrative proceedings. It is therefore proper where proceedings are "initiated by the state to redress a wrong allegedly committed by the federal plaintiff," not where the "proceedings at issue were initiated by . . . the federal plaintiff[] to redress a wrong allegedly committed by the state." *Devlin v. Kalm*, 594 F.3d 893, 895 (6th Cir. 2010). As PANO seeks in the proceeding before the Civil Service Commission ("CSC")—the proceeding in favor of which it asserts this Court should abstain—to right a wrong allegedly committed by the City, and as CSC does not seek to right a wrong allegedly committed by PANO, abstention under *Younger* is improper.[5] "[C]onsistent forms of relief in [the] federal and state proceedings" are sought. *Id.*

To the extent PANO's motion appeals to the inherent power of a federal court to stay any matter pending before it in the interests of justice, economy, and time and effort, the motion is without merit. If PANO were to prevail in the CSC proceeding, this Court would still have to determine whether CSC has the power (as a matter of state or federal law) to interfere with implementation of the Consent Decree. As the Court has already noted, "questions concerning the jurisdiction of the CSC" will be decided "in this forum."[6] It is this Court, not any state court or agency, that has the responsibility "to ensure the effective and expeditious implementation of the Consent Decree."[7]

---

[5] As PANO's motion makes clear, the proceeding it instituted before the CSC seeks the same ultimate relief as it seeks here. R. Doc. No. 49, p. 3 ("PANO filed a Petition to intervene and/or investigate these claims with the Civil Service Commission of New Orleans.").

[6] R. Doc. No. 46.

[7] R. Doc. No. 47, p. 9.

Accordingly, the motion to expedite is **GRANTED** and the motion to stay is **DENIED**.

New Orleans, Louisiana, this 17th day of October, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**