UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER POWERS, JR., et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5993** |
| **NEW ORLEANS CITY, et al.**<br>    Defendants | **SECTION "E"** |

### ORDER & REASONS

The Court has pending before it two motions in limine filed by Plaintiffs and by the United States.[1] The City of New Orleans and the United States have filed responses.[2] In addition, the Court discussed the issues raised in the motions at the January 27, 2014 pretrial conference.[3] The Court now issues this Order and Reasons.

The United States moves to exclude two categories of evidence: "(1) any secondary employment contract to which neither plaintiff Walter Powers, Jr. nor plaintiff Frederick Morton is a party, to the extent that such testimony and evidence is offered to demonstrate the existence of contracts that are substantially impaired by the OPSE Ordinances" and "(2) whether the New Orleans Police Department's . . . prior system of secondary employment caused corruption or led to unconstitutional policing."[4] Plaintiffs move to exclude (1) the March 16, 2011 DOJ findings letter, (2) materials from *United States v. City of New Orleans*, No. 12-1924 and the appeals taken from that case (with the exception of the

---

[1] R. Doc. 153, 155.

[2] R. Doc. 159, 160.

[3] R. Doc. 163.

[4] R. Doc. 153 at 1.

Consent Decree itself), (3) the February 14, 2013 U.S. Department of Labor Letter to Roy Austin, and (4) NOPD officer disciplinary files.[5]  The Court will address these issues *seriatim*.

### 1) The March 16, 2011 DOJ Letter and Evidence of Corruption

Plaintiffs seek to exclude the March 16, 2011 DOJ letter and the United States seeks to exclude evidence of whether the prior system of secondary employment led to corruption.  Because the parties agree this evidence and testimony is not relevant to the upcoming first phase of this bifurcated trial and represent that they will not seek to introduce it, the motions as to that evidence and testimony are denied as moot.

### 2) Contracts Involving Other NOPD Officers

The United States seeks to exclude evidence of purported contracts to which Plaintiffs Powers and Morton were not parties, arguing that Plaintiffs have the burden of establishing the existence of their own contractual relationships which were substantially impaired; they do not have standing to assert impairment of contracts to which they were not parties.  *See Mercado-Boneta v. Administracion del Fondo de Compensacion al Paciente*, 125 F.3d 9, 12 n.5 (1st Cir. 1997); *Maine Educ. Ass'n Benefits Trust v. Cioppa*, 842 F. Supp. 2d 373, 385 (D. Me. 2012).  While the contracts between non-plaintiff NOPD officers and third-party employers have little if any relevance to Plaintiffs' claims, the contracts may provide background information or context that will be helpful to the Court.  Moreover, the risk of confusion or prejudice resulting from this evidence is slight as this is

---

[5]  R. Doc. 155 at 2-3.

a bench trial. Accordingly, the United States's motion is denied as to this issue. Provided such evidence is properly authenticated or no objection on that basis is lodged, it will be admissible at trial.

### 3) Materials From *United States v. City of New Orleans*, No. 12-1924

Plaintiffs seek to exclude materials from Case No. 12-1924 and the appeals from that case. The United States and the City state in their oppositions that they do not intend to introduce any of those materials at trial but may ask the Court to take judicial notice of portions of those proceedings. Because the materials will not be offered as evidence or exhibits at trial, this portion of Plaintiffs' motion is denied as moot. However, all parties agree that the Consent Decree itself is admissible. The Court will rule on requests to take judicial notice of those proceedings as they arise.

### 4) The February 13, 2013 Department of Labor Letter

Plaintiffs seek to exclude the February 13, 2013 Department of Labor letter as hearsay. The City responds that the letter is admissible as a public record under Rule 803(8). The United States responds that the letter is admissible because it is offered not as factual evidence or for the truth of any matter asserted therein, but as a legal opinion relevant to the issue of the Civil Service Commission's jurisdiction. The Court concludes that the letter is relevant and is not hearsay because it will not be offered for the truth of the matters asserted therein. Provided that it is authenticated or no objection on that basis is lodged, it will be admissible at trial. Plaintiffs' motion is denied as to the Department of Labor letter.

### 5) NOPD Officer Disciplinary Files

Plaintiffs seek to exclude any NOPD officer disciplinary files. Apparently, the only file at issue is Plaintiff Morton's disciplinary file, which includes an incident involving his operation of an LLC. The City and the United States oppose the motion, contending that the disciplinary files are relevant to Morton's reasonable expectations regarding regulation of secondary employment, which is a factor in the substantial impairment analysis. Morton's disciplinary file is relevant and admissible. The risk of prejudice in this non-jury trial is negligible. Plaintiffs' motion is denied as to Morton's disciplinary file; with respect to any other files, the Court will rule at trial.

Accordingly, as set forth herein, the United States's motion in limine is **DENIED** with respect to evidence of other contracts and **MOOT** with respect to evidence of corruption in the prior secondary employment system. Plaintiffs' motion in limine is **DENIED** with respect to the Department of Labor Letter and the disciplinary files, and **MOOT** with respect to the March 11, 2012 DOJ findings letter and materials from Case No. 12-1924.

**New Orleans, Louisiana, this 31st day of January, 2014.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**